IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEAN LEE DAO, JR., ) | |
|     Plaintiff, ) | Case No. 7:22-cv-00554 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| MR. HAROLD, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Dean Lee Dao, Jr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against medical staff at Pocahontas State Correctional Center ("Pocahontas"). The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

**I.    Background**

Dao is currently incarcerated at Pocahontas. He names four members of the facility's medical staff as defendants: Mr. Harold, the nursing supervisor; Nurse Ratcliff; Nurse Taber; and Dr. Lee. Am. Compl., ECF No. 6, at 1.

According to the amended complaint, Dao was previously prescribed Suboxone.* Id. at 2. He alleges that he was initially "ordered to be taper[ed] off [the medication] in 5 weeks." Id. At the end of the third week, however, Dao "was cut off cold turkey." Id. When he inquired about the decision, the nurses informed him that "the doctor ordered it to be put on hold."

---

*  "Suboxone is a prescription medication that is used to block the effect of withdrawal from opiate addiction." United States v. Fleury, 842 F.3d 774, 777 n.1 (1st Cir. 2016).

Id. In the present action, Dao seeks to recover damages for the "suffering [he] went through." Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); see also 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss an action filed in forma pauperis if the court determines that the action fails to state a claim upon which relief may be granted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.   Discussion

Dao filed suit against the defendants under 42 U.S.C. § 1983. "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting under color of state law." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and citations omitted). Dao appears to allege that the defendants violated his rights under the Eighth Amendment by abruptly terminating his Suboxone treatment.

"The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII). "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018 (citing Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016)). An Eighth Amendment violation occurs when a prison official demonstrates deliberate indifference to an inmate's serious medical needs. Id.

A claim of deliberate indifference has objective and subjective components. Jackson, 775 F.3d at 178. The objective component requires a "serious" medical condition. Id. "A medical condition is objectively serious when it either is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021) (quoting Scinto, 841 F.3d at 225).

"The subjective component is satisfied by proof of a defendant's deliberate indifference." Gordon v. Schilling, 937 F.3d 348, 357 (4th Cir. 2019). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively

'knows of and disregards an excessive risk to inmate health or safety.'" Jackson, 775 F.3d at 178 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). This standard is "exacting," and it requires more than "mere negligence or even civil recklessness." Id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). To rise to the level of an Eighth Amendment violation, "it is not enough that an official should have known of a risk." Id. Rather, the official "must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id. "The subjective component therefore sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). To find a defendant liable, "the treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021) (quoting Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)).

Applying these principles, the court concludes that Dao has failed to state a claim against any of the defendants. Even assuming that he can establish the objective component of the Eighth Amendment analysis, he has not set forth enough facts to satisfy the subjective component. He has not plausibly alleged that any of the defendants actually knew of and disregarded an excessive risk to his health or safety. To the extent Dao disagrees with Dr. Lee's decision to terminate his Suboxone treatment, courts "consistently have found such disagreements [between an inmate and a physician over the inmate's proper medical care] to fall short of showing deliberate indifference." Jackson, 775 F.3d at 178 (collecting cases and holding that a prison doctor's decision to substantially modify the medication regimen prescribed by an inmate's cardiologist did not support a claim of deliberate indifference); see

4

also Guillen v. ICE Health Serv. Corps, No. 3:22-cv-05894, 2023 WL 2529459, at *4 (W.D. Wash. Feb. 1, 2023) (concluding that an inmate's disagreement with a physician's decision to stop his Suboxone treatment did not suffice to establish deliberate indifference).

## IV. Conclusion

For the foregoing reasons, the court concludes that Dao's amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file a second amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: May 8, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.05.08 10:43:15 -04'00'

Michael F. Urbanski
Chief United States District Judge